IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUAN RODRIGUEZ,

     **Plaintiff,**

v.

O'ROURKE, STEPP, NICOLINI, and
CHAD JENNINGS,

     **Defendants.**

Case No. 26-cv-293-RJD

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Juan Rodriguez, an inmate of the Illinois Department of Corrections who is currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for preliminary review of the Complaint[1] pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and the medical providers, to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these entities.

1

### The Complaint

On June 17, 2025, Rodriguez was transported from the prison on a medical writ to the Crawford Hospital for wound care (Doc. 1, p. 6). Correctional Officer ("C/O") O'Rourke escorted Rodriguez, who is confined to a wheelchair, into an ADA van (*Id.*). Once in the van, Rodriguez locked the breaks on his wheelchair and O'Rourke strapped down the back of his chair (*Id.*). But O'Rourke failed to strap down the front of the wheelchair or strap the seat belt over Rodriguez (*Id.*). Rodriguez informed O'Rourke that his wheelchair needed to be secured but O'Rourke exited the vehicle and got in the passenger seat (*Id.*). C/O Stepp was driving the van and stated that they were not going far, and he would not drive fast (*Id.* at pp. 6-7).

Despite both officers knowing that Rodriguez was not properly strapped into the vehicle, C/O Stepp immediately accelerated by hitting the gas pedal hard, causing Rodriguez's wheelchair to flip backwards (Doc. 1, p. 7). C/O Stepp stopped the vehicle and laughed (*Id.*). O'Rourke sat Rodriguez's chair back up and into position (*Id.*). Rodriguez showed both officers a cut on his right elbow and informed them that his left pinky finger looked either broken or dislocated (*Id.*). Rodriguez also notes that Lieutenant Olinger was present when the incident took place (*Id.*).

Rodriguez did not receive medical care until he returned to the facility later that morning (Doc. 1, p. 7). Rodriguez saw RN Nicolini in the healthcare unit and explained the incident and his injuries (*Id.*). Nicolini provided him with a bag of ice and told him to submit a sick call slip if his injury got worse (*Id.*). Rodriguez notes that she did not provide him with any pain medication nor did she submit him to see the doctor.

On June 17, 2025, Rodriguez went to the treatment line for his injury and spoke with another nurse (Doc. 1, p. 7). The nurse looked at his pinky finger, noted that it looked broken, and scheduled him to see the doctor (*Id.*).

### Preliminary Dismissals

Although Rodriguez identifies Warden Chad Jennings as a defendant in the case caption, he fails to include any allegations against him in his statement of claim. He does indicate that he seeks injunctive relief, but he fails to indicate what relief he seeks and his statement of claim notes that he was scheduled to see the doctor for his injuries. Because there are no allegations in the statement of claim against Jennings, any potential claim against him is **DISMISSED without prejudice**.

Rodriguez also refers to a Lieutenant Olinger, noting that he was present during the incident in the van (Doc. 1, p. 7). But he fails to list Olinger as a defendant in the case caption. In order to be considered a defendant, an individual must be named in the case caption. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). Because Rodriguez fails to identify Olinger as a defendant in the case caption, any potential claim against him is **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** **Eighth Amendment cruel and unusual punishment claim against C/O Stepp and C/O O'Rourke for failing to properly secure Rodriguez's wheelchair in the transport van and accelerating the vehicle causing injuries.**

**Count 2:**      **Eighth Amendment deliberate indifference to medical needs claim against C/O Stepp and C/O O'Rourke for failing to provide treatment for Rodriguez's injuries.**

**Count 3:**      **Eighth Amendment deliberate indifference to medical needs claim against RN Nicolini for failing to provide Rodriguez with pain medication or schedule him to see the doctor.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Counts 1 and 2**

At this stage, Rodriguez states viable claims against C/O Stepp and C/O O'Rourke for their actions in the transport van and in failing to provide him with medical care. Ordinarily, the simple act of failing to adequately seatbelt an inmate does not state a claim without exacerbating circumstances. *See Dale v. Agresta*, 771 Fed. App'x 659, 661 (7th Cir. 2019) ("without reckless driving or other exacerbating circumstances, failing to seat-belt a shackled inmate does not pose a substantial risk of serious harm"). But Rodriguez has alleged exacerbating circumstances. He alleges that he informed both officers that O'Rourke failed to secure his wheelchair, but Stepp noted that they were not

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

going very far and he would not drive fast. Then Stepp immediately accelerated the vehicle causing Rodriguez to fall and laughed in response to the incident. Such allegations could suggest that the officers' actions were reckless and constituted deliberate indifference. *See O'Quinn v. Williams*, Case No. 23 C 50276, 2025 WL 2418410 at * 4 (N.D. Ill. Aug. 21, 2025) (allegations that a disabled inmate was injured when he was not secured in the vehicle and unable to brace himself against officer's reckless driving could amount to deliberate indifference); *Brown v. Fortner*, 518 F.3d 552, 559-560 (8th Cir. 2008) (officer failed to seatbelt inmate despite requests to do so and drove at excess rate of speed, improperly crossed over double yellow lines, and followed vehicles too closely). Rodriguez also alleges that both officers saw his injuries but he did not receive medical care until he returned to the prison (Doc. 1, p. 7). Thus, at this stage, Rodriguez adequately alleges deliberate indifference claims against the officers in Counts 1 and 2.

**Count 3**

Rodriguez fails, however, to state a claim against RN Nicolini. He alleges that upon return to the prison, he was seen by Nicolini who examined him and provided him with an ice pack (Doc. 1, p. 7). She also directed him to submit a sick call request if he continued to have issues. Although Rodriguez alleges that Nicolini failed to provide him with pain medication and failed to put him in to immediately see the doctor, she provided him with care and gave him directions for obtaining further care. Rodriguez was placed on the list to see the doctor the next day. The allegations against Nicolini do not rise to the level of deliberate indifference; at most, the allegations suggest that she was negligent

in failing to provide pain medication. Thus, the claim against Nicolini in Count 3 is **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Counts 1 and 2 shall proceed against C/O Stepp and C/O O'Rourke. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for C/O Stepp and C/O O'Rourke: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Rodriguez. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Rodriguez, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Rodriguez's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Rodriguez, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Rodriguez is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/12/2026**

**Hon. REONA J. DALY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the

defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**